

**Office of the New York State
Attorney General**

**Letitia James
Attorney General**

August 15, 2025

**BY ECF**
Honorable Ann Donnelly
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Chambers N 415
Brooklyn, NY 11201

    Re:    *789 Macdonough Street Housing Development Fund Corporation v. Park, et al.*,
             No. 25 Civ. 3680 (AMD) (JAM)

Dear Judge Donnelly:

    The Office of the Attorney General (this "Office") represents defendant the Hon. Maria Aragona, Acting Justice of the Supreme Court, State of New York, County of Kings, sued herein in her official capacity, in the above-referenced Action brought by Plaintiff 789 Macdonough Street Housing Development Fund Corporation. Pursuant to this Court's Individual Practices and Rules, this Office writes to respectfully request a pre-motion conference regarding Justice Aragona's anticipated motion to dismiss the Complaint (ECF No. 1, "Complaint" or "Compl.") herein based on, *inter alia*, Eleventh Amendment sovereign immunity and absolute judicial immunity.

### I.    Plaintiff Sues Justice Aragona In Her Official Capacity Based On A Judicial Decision She Made In A State Court Guardianship Matter

    Plaintiff is a cooperative corporation providing housing to its shareholders in the residential building it owns. Compl. ¶¶ 6, 15-16. Plaintiff alleges that co-Defendant Emma Oliver, a shareholder and resident of an apartment in Plaintiff's building who is over 90 years old and has a guardian *ad litem*, stopped paying fees owed to Plaintiff. *Id.* ¶¶ 33, 35. Plaintiff commenced a nonpayment action in New York City housing court against Ms. Oliver on or about September 7, 2022, which resulted in a judgment of possession in Plaintiff's favor issued on September 11, 2024. *Id.* ¶¶ 36-38. On January 31, 2025, a warrant of eviction was issued against Ms. Oliver. *Id.* ¶ 39. Subsequently, co-Defendant the New York City Department of Investigation ("DOI") granted multiple extensions of Ms. Oliver's eviction to Adult Protective Services ("APS"), a program operating under the New York City Department of Social Services ("DSS"). *Id.* ¶¶ 40-59.

    On May 28, 2025, co-Defendant the DSS Commissioner filed an Article 81 guardianship proceeding (the "State Guardianship Proceeding") and sought a temporary restraining order ("TRO") enjoining Plaintiff from evicting Ms. Oliver. *Id.* ¶ 60. Justice Aragona presides over the

The Hon. Ann Donnelly                                                                                               Page 2 of 4
August 15, 2025

State Guardianship Proceeding. Plaintiff complains of several decisions she made therein, including: (1) granting the TRO, (2) adjourning the hearing on the TRO from June 30 to August 14, and (3) rejecting Plaintiff's requests for "use and occupancy or the posting of an undertaking to protect Plaintiff's interests". *Id.* ¶¶ 65, 74-75, 101. Plaintiff also complains of various statements Justice Aragona made while presiding over the State Guardianship Proceeding: suggesting (but not ordering or requiring) that Plaintiff issue Ms. Oliver a lease to enable her to obtain a particular benefit (a solution Plaintiff alleges would be costly and burdensome), "contemplat[ing]" that Ms. Oliver's life expectancy cannot be long, and "indicat[ing]" that if Ms. Oliver were permitted to stay in Plaintiff's building until her death, this would not be conditioned upon rent payment. *Id.* ¶¶ 85-100. Based on these judicial actions undertaken while presiding over the State Guardianship Proceeding, Plaintiff alleges that Justice Aragona has violated Plaintiff's rights under the Takings Clause of the Fifth Amendment as incorporated against the states through the Fourteenth Amendment. *Id.* ¶¶ 105-122. Plaintiff seeks 1) a declaration that "Defendants" have violated Plaintiff's rights under the Fifth and Fourteenth Amendments, and (2) "just compensation," including rent and financial damages. *Id.* at Prayer for Relief.

## II.     Eleventh Amendment Sovereign Immunity Bars Claims Against Justice Aragona

Justice Aragona is sued herein in her official capacity for damages and retrospective declaratory relief. *Supra* Section I. A suit against a New York State official in her official capacity is no different from a suit against the State itself. *Will v. Michigan*, 491 U.S. 58, 71 (1989). A suit seeking damages or retrospective relief against that official in her official capacity is thus barred by Eleventh Amendment sovereign immunity, absent waiver or Congressional abrogation. *74 Pinehurst LLC v. New York*, 59 F. 4th 557, 570 (2d Cir. 2023) (affirming dismissal of damages claim against state and official for sovereign immunity); *N.Y.S. Court Clerks' Ass'n v. Unified Court Sys. of State of N.Y.*, 25 F. Supp. 3d 459, 467 (S.D.N.Y. 2014) (retrospective declaratory relief claims against state officials in official capacity barred). There is no waiver or abrogation of New York State's sovereign immunity for suits under the Takings Clause, where the State's own courts provide a remedy for the alleged violation. *74 Pinehurst LLC*, 59 F. 4th at 570.

Here, New York State courts provide remedies. Plaintiff had an opportunity to be heard before Justice Aragona. Plaintiff's own allegations indicate that Justice Aragona has not issued a final decision as to whether the eviction may proceed and as to whether or how Plaintiff might be compensated for the alleged taking. Further, Plaintiff can file suit based on the Takings Clause in New York State courts. *See, e.g., Mekler v. City of New York*, 20 Misc. 3d 1128(A) at *2 (Sup. Ct. Kings Cty. Aug. 4, 2008) (adjudicating a landlord-plaintiff's complaint that a stay of a warrant of eviction pursuant to an Article 81 guardianship was an uncompensated taking). Accordingly, there is no abrogation of New York State's sovereign immunity. Plaintiff's claims against Justice Aragona are thus barred by sovereign immunity.

## III.     Absolute Judicial Immunity Bars Plaintiff's Claims Against Justice Aragona

Absolute judicial immunity bars claims against judges in both their personal or official capacities based on judicial acts, unless the plaintiff can show that the judge acted in clear absence of all jurisdiction. *McKnight v. Middleton*, 699 F. Supp. 2d 507, 523 (E.D.N.Y. 2010); *DiPasquale v. Milin*, 303 F. Supp. 2d 430, 431 (S.D.N.Y. 2004). Plaintiff's claims against Justice Aragona arise

The Hon. Ann Donnelly  Page 3 of 4
August 15, 2025

entirely out of judicial decisions she made while presiding over the State Guardianship Proceeding. *Supra* Section I. Judicial immunity therefore bars those claims in their entirety, and the Complaint should be dismissed on that additional ground. *McKnight*, 699 F. Supp. at 523; *DiPasquale*, 303 F. Supp. 2d at 431 (dismissing claims against judges based on judicial acts). Takings Clause claims based on judicial acts are no different, and are likewise barred by judicial immunity. *See, e.g., Apple Hill Solar LLC v. Cheney*, No. 02:23 Civ. 644, 2024 WL 3925912, at *3-4 (D. Vt. Aug. 23, 2024) (dismissing Takings Clause claims as barred by judicial or quasi-judicial immunity). Claims based on a judge's remarks while presiding over a matter are likewise barred by judicial immunity. *See, e.g., Staton v. Holzbach*, No. 03:20 Civ. 631, 2021 WL 293566, at *4 (D. Conn. Jan. 27, 2021); *Salem v. Beisner*, No. 96 Civ. 2215, 1996 WL 459843, at *1 (S.D.N.Y. Aug. 9, 1996). Plaintiff alleges remarks made by Justice Aragona in the State Guardianship Proceeding. To the extent Plaintiff asserts claims based on those remarks, those claims are also barred by judicial immunity.

### IV. *Younger* Abstention Bars Plaintiff's Claims For Declaratory Relief

Plaintiff's claim for declaratory relief is barred by the doctrine of *Younger* abstention, which requires federal courts to "refrain[] from interfering with pending civil proceedings involving certain orders ... uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 73 (2013). *Younger* abstention bars claims for declaratory relief pertaining to a pending state court proceeding. *Kirschner v. Klemons*, 255 F. 3d 227, 235 (2d Cir. 2000). Here, Plaintiff seeks a declaration that would interfere with the State Guardianship Proceeding. Guardianship is of particularly strong interest to state courts and especially suited to abstention. *See, e.g., Zavalidroga v. Oneida Cty. Dep't of Adult Protective Servs., et al.*, No. 14 Civ. 01273, 2015 WL 13744411, at *6 (N.D.N.Y. Sept. 22, 2015), *report and recommendation adopted*, 2015 WL 9255557 (S.D.N.Y. Dec. 18, 2015) (abstaining under *Younger* where plaintiff sought order interfering with pending guardianship proceeding).

### V. Plaintiff Fails To State A Claim Of A Physical Taking

Ms. Oliver was once a shareholder of Plaintiff and Plaintiff voluntarily accepted her initial residence in its building. *Supra* Section I. Further, Plaintiff has not pled that it has been compelled to accept her residence in the building in "perpetuity." *74 Pinehurst LLC*, 59 F. 4th at 563. Accordingly, the stay of the eviction warrant falls within the State's broad powers to regulate housing, and Plaintiff does not state a physical takings claim. *Id.*; *Community Hous. Improvement Program v. City of New York*, 59 F. 4th 540, 551-552 (2d Cir. 2023).

For the foregoing reasons, Justice Aragona respectfully requests a pre-motion conference with respect to a motion to dismiss the Complaint or, in the alternative, respectfully requests that the Court set a deadline for Justice Aragona to move to dismiss of at least one month from the date of the order issued on this letter motion.

The Hon. Ann Donnelly  Page 4 of 4
August 15, 2025

         Respectfully submitted,
         /s/ Anjali Bhat_____
         ANJALI BHAT
         Assistant Attorney General
         212-416-8632
         Anjali.Bhat@ag.ny.gov