# ANDERSON LAW

104 W 27th Street, 11th Floor, New York, NY 10001

212.466.6570
gregory@andersonlaw.nyc
andersonlawnyc.com

August 22, 2025

**BY ECF**
Honorable Ann Donnelly
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Chambers N 415
Brooklyn, NY 11201

        *Re:*    *Opposition to Pre-Motion Letter Motion*
                *789 Macdonough Street Housing Development Fund Corporation v. Park, et al.* No. 25 Civ. 3680 (AMD) (JAM)

Dear Judge Donnelly:

    This office represents plaintiff, 789 Macdonough Street Housing Development Fund Corporation ("HDFC") in the above-referenced action. I am writing to oppose the letter motion submitted by the Office of the Attorney General on behalf of the Hon. Maria Aragona, Acting Justice of the Supreme Court, State of New York, County of Kings on August 15, 2025. The motion requests a pre-motion conference regarding Justice Aragona's anticipated motion to dismiss the Complaint.

    **I.**    **Summary of the Case**

    This action arises from a series of administrative and judicial actions that have unconstitutionally forced Plaintiff, a private, low-income housing cooperative, to provide free housing to Emma Oliver, a former shareholder who was convicted of a felony for embezzling over $120,000.00 from the cooperative. Despite Plaintiff lawfully obtaining a final judgment of possession and a warrant of eviction against a judgment-proof Ms. Oliver for her failure to pay over $46,000.00 in maintenance fees since 2019, government actors have systematically intervened to prevent her removal. This intervention has left the cooperative's shareholders, many of whom are elderly and on fixed incomes, to shoulder the financial burden of housing the very individual who victimized them.

    The unconstitutional taking of Plaintiff's property was effectuated first by the New York City Department of Investigation, which unilaterally issued multiple stays of the lawful eviction without judicial authority or notice to Plaintiff. Subsequently, the Commissioner of Social Services initiated a guardianship proceeding and obtained an ex parte temporary restraining order from Justice Maria Aragona, which explicitly prohibits Plaintiff from enforcing its warrant of eviction and regaining possession of its property. Justice Aragona has since extended this restraining order and has refused to order any undertaking or payment for use and occupancy, effectively commandeering Plaintiff's property to address a public social concern at a private entity's expense

and without a mechanism for just compensation, in direct violation of the Fifth Amendment via the Fourteenth Amendment.

## II. Justice Aragona is not protected by the 11th Amendment or absolute immunity.

Defendant's reliance on sovereign immunity is misplaced because there is no adequate state-law remedy for the taking, and the relief sought is prospective.

The Supreme Court's recent jurisprudence confirms that a property owner may bring a Takings Clause claim in federal court without first exhausting state remedies. See *Knick v. Twp. of Scott, Pennsylvania*, 588 U.S. 180 (2019). While the Court in *DeVillier v. Texas*, 601 U.S. 285 (2024), declined to address whether the Fifth Amendment is self-executing, it did so only after finding a clear avenue for redress existed under Texas law.

Here, no such clear avenue exists. Defendant's assertion that a state-law remedy is available is unsupported. It is not clear under N.Y. Em. Dom. Proc. Law § 501 that any cause of action exists against a judge for a taking. An inverse condemnation proceeding in New York may only be maintained against "an entity possessing the power of condemnation," a power judges do not have. *Corsello v. Verizon New York, Inc.*, 77 A.D.3d 344, 356 (N.Y. App. Div. 2010), modified on other grounds, 18 N.Y.3d 777 (2012). Defendant fails to assert any law granting such power to the judiciary.

Furthermore, the relief sought here is not merely retrospective; it is prospective, as the taking is ongoing and continues indefinitely. A suit seeking prospective relief against a state official to end a continuing violation of federal law is not barred by the Eleventh Amendment. See *N.Y.S. Court Clerks' Ass'n v. Unified Court Sys. of State of N.Y.*, 25 F. Supp. 3d 459, 467 (S.D.N.Y. 2014).

Judges are also not immune from takings claims based on absolute immunity. As the plurality in *Stop the Beach Renourishment, Inc. v. Fla. Dep't of Env't Prot.*, 560 U.S. 702 (2010), made clear, the Takings Clause bars the State from taking private property without payment, "no matter which branch is the instrument of the taking." The plurality found "no support for the proposition that takings effected by the judicial branch are entitled to special treatment." Id. at 715.

HDFC alleges a taking against Justice Aragona for her actions in removing all legal possibility of regaining possession of the premises without compensation. Despite the City defendants pleading poverty for Ms. Oliver and acknowledging she lacks sufficient funds for a bond, Justice Aragona issued an order staying enforcement of HDFC's right to remove Ms. Oliver. That order remains in effect, and by issuing it, Justice Aragona has taken a core property right— the right to exclusive use—and given it to Emma Oliver and the City, who have no legal right to possession.

Defendant's reliance on *Apple Hill Solar LLC v. Cheney*, No. 02:23 Civ. 644, 2024 WL 3925912 (D. Vt. Aug. 23, 2024), is unavailing as that case did not address *Stop the Beach Renourishment* and was limited to past judicial decisions. Here, the violation of HDFC's rights is ongoing. Likewise, Justice Aragona's reliance on *Staton* and *Salem* is inappropriate. Her comments resulted in an actual court order that effectuates a continuing violation of HDFC's rights. This constitutes a "series of separate acts that collectively constitute one unlawful ... practice," not merely discrete acts. See *Staton v. Holzbach*, No. 3:20-CV-631 (SRU), 2021 WL 293566, at *4 (D. Conn. Jan. 27, 2021); see also *Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009).

### III. *Younger* Abstention is not applicable.

The *Younger* abstention doctrine, which applies only in "exceptional circumstances," *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 73 (2013), is wholly inappropriate here for several reasons. First, Plaintiff has no adequate opportunity to raise its constitutional claims in the state court proceeding. Plaintiff is not a party to the underlying Article 81 guardianship proceeding (Compl. ¶ 62), a fact the City has emphasized in the Supreme Court.[1] Article 81 proceedings are limited in scope to the welfare of an alleged incapacitated person, not the adjudication of a non-party's federal Takings Clause claim. As a non-party in a proceeding with limited jurisdiction, Plaintiff cannot meaningfully present its claim for just compensation. Justice Aragona is also not a party to the proceeding.

Second, the Second Circuit has repeatedly held that "*Younger* abstention is inappropriate where the litigant seeks money damages for an alleged violation of § 1983." *Stensrud v. Rochester Genesee Reg'l Transp. Auth.*, 507 F. Supp. 3d 444, 456 (W.D.N.Y. 2020) (quoting *Rivers v. McLeod*, 252 F.3d 99, 101-02 (2d Cir. 2001)). The primary relief sought by Plaintiff is "just compensation for the taking of Plaintiff's property, including ongoing and retroactive rental value and financial damages" (Compl., Prayer for Relief ¶ A). Because federal courts may not abstain from claims for compensatory relief, and Plaintiff's primary claim is for money damages, *Younger* does not apply. This action does not seek to enjoin the state guardianship proceeding; it seeks compensation for the unconstitutional taking effectuated by that proceeding. Therefore, abstention is not warranted.

### IV. 74 Pinehurst and Community Hous. Improvement Program are inapplicable as the rent stabilization law and landlord-tenant law are not at issue.

Defendant asserts no taking exists here based on *74 Pinehurst LLC v. New York*, 59 F. 4th 557 (2d Cir. 2023) and *Community Hous. Improvement Program v. City of New York*, 59 F. 4th 540 (2d Cir. 2023). Those cases, however, are inapplicable. Both really concern facial takings in the context of rent regulation and landlord-tenant law, not as applied actual invasions (*per se* takings) as we have here. Neither rent regulation nor landlord-tenant law has been raised here. Moreover, those cases rely on the existence of a landlord-tenant relationship, which does not exist in this case, as any such relationship was terminated.

Notably, the court in *Community Hous. Improvement Program* states: "Nor does the RSL compel the Landlords 'to refrain in perpetuity from terminating a tenancy.' *Yee*, 503 U.S. at 528, 112 S.Ct. 1522." *Id.* at 552. Here, HDFC is being compelled to refrain from taking any action to remove Ms. Oliver, whose stock was sold and legal right to occupy the premises has been extinguished. Furthermore, the rent stabilization laws challenged in those cases impose limitations on rent and termination—not a requirement to house an individual for free.

For the foregoing reasons, HDFC respectfully requests the Court deny Justice Aragona's request to file a motion to dismiss.

---

[1] Molly Wasow Park, as the Commissioner of Social Services of the City of New York's opposition to Plaintiff's motion in opposition to the Petition, Pg. 5: "This is a special proceeding under Mental Hygiene Law Article 81. … The Landlord is not a party to this proceeding. Since the Landlord is not a party to the proceeding, their intervention is prevented by CPLR § 401. The only exception is by leave of court, which as Petitioner understands, has not occurred here."
https://iapps.courts.state.ny.us/nyscef/ViewDocument?docIndex=ErSj0yWL2a9Rm5fswWuruA==

Very truly yours,

_____
Gregory A. Byrnes