

THE CITY OF NEW YORK

# LAW DEPARTMENT

100 CHURCH STREET
NEW YORK, NY 10007

**Muriel Goode-Trufant**
*Corporation Counsel*

Isabella Kendrick
phone: (212)356-2210
fax: (212)356-2019
email: ikendric@law.nyc.gov

September 12, 2025

***By ECF***
The Honorable Ann Donnelly
United States District Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  *789 Macdonough Street Housing Development Fund Corporation v. Park¸*
No. 25-cv-3680(AMD)(JAM)

Your Honor:

This office represents defendants Molly Wasow Park, as the Commissioner of Social Services of the City of New York, the City of New York ("City"), the New York City Department of Investigation ("DOI"), and Jocelyn E. Strauber in her official capacity as Commissioner of DOI (collectively, "City Defendants"); in the above-referenced matter. In accordance with Rule 4(A) of the Court's Individual Practice Rules, I write to request a pre-motion conference for City Defendants' anticipated motion to dismiss pursuant to Rules 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"), and summarize the basis for the anticipated motion.

Plaintiff, the 789 Macdonough Street Housing Development Fund Corporation, "is a low-income cooperative corporation located in Brooklyn, New York." Complaint ("Compl.") ¶ 6. According to the Complaint, Defendant Emma Oliver ("Ms. Oliver"), a 90-year-old resident and shareholder of Plaintiff, stopped paying maintenance fees in 2019. Compl. ¶¶ 25, 27, 33. Although Ms. Oliver paid for twelve months of arrears using the New York Emergency Rental Assistance Program, on or about September 7, 2022, Plaintiff commenced a nonpayment proceeding in City Housing Court, Kings County, which resulted in a judgment of possession in Plaintiff's favor issued on September 11, 2024. Compl. ¶¶ 3537.

A warrant of eviction was issued on or about January 31, 2025, which was then stayed when Ms. Oliver's Guardian-At-Litem ("GAL") filed an order to show cause to stay the eviction. Compl. ¶¶ 3941. The eviction was rescheduled for May 16, 2025, and thereafter, DOI, which regulates City Marshals, administratively stayed the eviction until June 3, 2025, to allow time for the City Department of Social Services ("DSS") to commence an Article 81 guardianship proceeding to appoint an Article 81 guardian for Ms. Oliver. Compl. ¶¶ 4952, 60. On May 28,

2025, DSS commenced the Article 81 guardianship proceeding and sought a temporary restraining order ("TRO") staying the eviction of Ms. Oliver from her residence. Compl. ¶ 60. Following a conference on June 2, 2025, the Article 81 court granted the TRO. Compl. ¶ 65. On June 29, 2025, Plaintiff filed a cross-motion, seeking, *inter alia*, to vacate the TRO, and an application for "just compensation in favor of 789 Macdonough Street Housing Development Fund Corporation and against [DSS] and Emma Oliver for a violation of taking clause of the 5th Amendment, via the 14th Amendment."[1] Further conferences on the matter took place on June 30, 2025, and August 14, 2025, at which Plaintiff's counsel appeared. Compl. ¶¶ 7374.

Plaintiff argues that City Defendants' actions have resulted in a physical taking of property from Plaintiff under the Fifth and Fourteenth Amendments, and seeks "[a] declaration that Defendants have violated Plaintiff's constitutional rights under the Fifth and Fourteenth Amendments, and an order for just compensation for the taking of Plaintiff's property, including ongoing and retroactive rental value and financial damages." Compl. at "Wherefore" clause.

## Younger *Abstention Applies to Plaintiff's Claim*

Plaintiff's action for declaratory relief is barred by the doctrine of *Younger* abstention. "*Younger* abstention generally requires federal courts to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings." *Rosen v. Cty. of Suffolk*, 53 F. App'x 578, 580 (2d Cir. 2002) (*citing Younger v. Harris*, 401 U.S. 37, 43-44 (1971)). Additionally, "[t]he *Younger* doctrine is as applicable to suits for declaratory relief as it is to those for injunctive relief." *Kirschner v. Klemons*, 225 F.3d 227, 235 (2d Cir. 2000) (*citing Samuels v. Mackell*, 401 U.S. 66, 73 (1971).

*Younger* abstention is appropriate in civil proceedings "that implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint Communs., Inc. v. Jacobs*, 571 U.S. 69, 72-73 (2013). Moreover, courts may consider three additional, non-dispositive factors to determine whether abstention is appropriate: 1) whether there is a "pending state proceeding," 2) whether that proceeding "implicates an important state interest," and 3) whether "the state proceeding affords an adequate opportunity for judicial review of . . . federal constitutional claims." *Falco v. Justices of Matrimonial Parts of Supreme Ct. of Suffolk Cnty.*, 805 F. 3d 425, 427 (2d Cir. 2015) (*citing Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982).

Here, the Article 81 guardianship proceeding "implicate[s] a State's interest in enforcing the orders and judgments of its courts." *Sprint Communs., Inc.*, 571 U.S. at 69, 72-73. Further, the three *Middlesex* factors also support invocation of *Younger* abstention. First, as noted, there is an ongoing state judicial proceeding. Second, the Article 81 proceeding "implicate[s] important state interests—namely, in adjudicating questions of guardianship." *Dickerson v.*

---

[1] Courts may consider public records in deciding a motion to dismiss. *Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004); *Manley v. Utzinger*, No. 10 Civ. 2210, 2011 WL 2947008, at *1 n.1 (S.D.N.Y. 2011) ("The Court may take judicial notice of public records in deciding a motion to dismiss.").

*Siegal*, No. 23-CV-3859(EK)(LB), 2023 U.S. Dist. LEXIS 168719, at *3 (E.D.N.Y. Sep. 21, 2023); *see Disability Rts. N.Y. v. New York*, 916 F.3d 129, 136 (2d Cir. 2019) (observing that "states have an especially strong interest" in "state court procedure in guardianship proceedings" and affirming district court's abstention under *Younger*). As to the third factor, Plaintiff has raised its takings claim in a cross-motion in the Article 81 proceeding. Indeed, the Second Circuit "has often recognized the obligation and competence of state courts to decide federal constitutional questions." *Dickerson*, 2023 U.S. Dist. LEXIS 168719, at *4 (*quoting Donkor v. City of N.Y. Hum. Res. Admin. Special Servs. for Child.*, 673 F. Supp. 1221, 1226 (S.D.N.Y. 1987)).

Thus, Plaintiff's claim for declaratory relief should be dismissed pursuant to *Younger*, and this Court should stay Plaintiff's claim for damages pursuant to § 1983 pending the resolution of the Article 81 guardianship proceeding.

**Plaintiff Fails to State a Takings Claim**

In any case, Plaintiff fails to state a claim for a physical taking as a matter of law. "When the government effects a physical appropriation of private property for itself or another—whether by law, regulation, or another means—a per se physical taking has occurred." *74 Pinehurst LLC v. New York*, 59 F.4th 557, 563 (2d Cir. 2023) (*citing Cedar Point Nursery v. Hassid*, 594 U.S. 139, 147 (2021)). However, the Supreme Court has affirmed that "[s]tates have broad power to regulate housing conditions in general and the landlord-tenant relationship in particular without paying compensation for all economic injuries that such regulation entails." *Yee v. City of Escondido*, 503 U.S. 519, 528-29 (1992). "It is well settled that limitations on the termination of a tenancy do not effect a taking so long as there is a possible route to an eviction." *Cmty. Hous. Improvement Program v. City of N.Y.*, 59 F.4th 540, 552 (2d Cir. 2023). Here, the state court has *temporarily* stayed the eviction of Ms. Oliver while the court determines if an Article 81 guardianship is necessary. "[A] temporary halt on evictions does not take on the character of a physical taking." *Elmsford Apartment Assocs., LLC v. Cuomo*, 469 F. Supp. 3d 148, 163 (S.D.N.Y. 2020). Thus, Plaintiff fails to state a claim for a physical taking by City Defendants.

Thank you for your consideration in this matter.

Respectfully submitted,

ISABELLA J. KENDRICK
Assistant Corporation Counsel

cc:    Gregory A. Byrnes, Esq.
ANDERSON LAW
*Attorneys for Plaintiff*
104 West 27th Street
Ste. 11C
New York, NY 10001
212-466-6570
gregory@andersonlaw.nyc
(via ECF)

Anjali Bhat
NEW YORK STATE OFFICE OF THE ATTORNEY GENERAL
*Attorney for Defendant Justice Maria Aragona*
28 Liberty Street
New York, NY 10005
212-416-8632
anjali.bhat@ag.ny.gov
(via ECF)