# ANDERSON LAW

104 W 27th Street, 11th Floor, New York, NY 10001

212.466.6570
gregory@andersonlaw.nyc
andersonlawnyc.com

September 19, 2025

**BY ECF**
Honorable Ann Donnelly
United States District Judge
Eastern District of New York
225 Cadman Plaza East, Chambers N 415
Brooklyn, NY 11201

      *Re:*    **Opposition to Defendants' Pre-Motion Letter**
             *789 Macdonough Street Housing Development Fund*
             *Corporation v. Park, et al.* No. 25 Civ. 3680 (AMD) (JAM)

Dear Judge Donnelly:

      This office represents plaintiff 789 Macdonough Street Housing Development Fund Corporation ("HDFC") in the above-referenced action and writes to oppose the pre-motion letter submitted by defendants Molly Wason Park, as Commissioner of Social Services of the City of New York ("DSS"), the City of New York ("City"), the New York City Department of Investigation ("DOI"), and Jocelyn E. Strauber in her official capacity as Commissioner of DOI ("Commissioner of DOI") (collectively, "Defendants"). The motion requests a pre-motion conference regarding Defendants' anticipated motion to dismiss the Complaint.

      **I.**    **Summary of the Case**

      This action arises from a series of administrative and judicial actions that have unconstitutionally forced HDFC, a private, low-income housing cooperative, to provide free housing to Emma Oliver ("Oliver"), a former shareholder convicted of embezzling over $120,000.00 from HDFC. Despite HDFC lawfully obtaining a final judgment of possession and a warrant of eviction against Oliver, Defendants have repeatedly intervened to block her removal. The unconstitutional taking of HDFC's property was carried out first by the DOI, which issued multiple unilateral stays of the lawful eviction without providing any notice. DSS continued the taking by obtained an ex parte TRO barring HDFC from enforcing its warrant. HDFC has been excluded from the Article 81 proceeding, denied participation in portions of oral arguments, and stripped of any state-court remedy. Although HDFC initially sought to vacate the TRO and obtain compensation under the Fifth and Fourteenth Amendments, it withdrew those claims.

      **II.**    ***Younger* Abstention is not applicable.**

      Defendants' *Younger* abstention argument fails because the facts in this action do not satisfy the narrowly tailored elements required in *Younger*. Specifically, HDFC is not a party to the state action, or (2) inextricably intertwined with a party to the state action. "[I]n 'applying *Younger* to third-parties,' the Court 'should be sensitive to the fact that, 'abstention from the exercise of federal jurisdiction is the narrow exception, not the rule'" *Natl. Inst. for Family and Life Advocates v James*,

746 F Supp 3d 100, 115 (WDNY 2024) *citing Spargo v. New York State Com'n on Judicial Conduct*, 351 F.3d 65, 82 (2d Cir. 2003), (quoting *Cecos Int'l, Inc. v. Jorling*, 895 F.2d 66, 70 (2d Cir. 1990). Defendants failed to cite to one case where the *Younger* is applied to an action where the federal plaintiff was not a party to the state action.

*Younger* applies to "exceptional" cases and "[t]hey include 'state criminal prosecutions, civil enforcement proceedings, and civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions.'" *Natl. Inst. for Family and Life Advocates*, at 114, 115. This action is not an "exceptional" case.

In the Second Circuit, courts applying *Younger* abstention "must determine (1) whether there is an ongoing state proceeding; (2) whether an important state interest is involved; and (3) whether the federal plaintiff has an adequate opportunity for judicial review of his constitutional claims during or after the proceeding." *Univ. Club v. City of New York*, 842 F.2d 37, 40 (2d Cir.1988) (internal citations omitted).

First, federal plaintiff is not a party to any state action and, therefore *Younger* abstention is inapplicable. The state action Defendants refer to is between DSS and Oliver. It is indisputable that HDFC is not a party to the state action and "*Younger* abstention 'does not apply when a plaintiff's federal claims cannot be presented in pending state proceedings.' *Tellock v. Davis*, No. 02 Civ. 4311, 2002 WL 31433589, at *4 (E.D.N.Y. Oct. 31, 2002) (*citing Kirschner*, 225 F.3d at 233)." *Donohue v Mangano*, 886 F Supp 2d 126, 141 (EDNY 2012). Where the federal plaintiff is not a party to the state action, the party seeking to invoke *Younger* abstention must demonstrate that the parties' interests are so closely related as to be "intertwined" (*see New York State Correctional Officers & Police Benev. Assn., Inc. v New York State Dept. of Corr. Servs.*, 4 NY3d 245 [2005]). Specifically, "where the [federal] plaintiffs' interests are so inextricably intertwined that 'direct interference with the state court proceeding is inevitable'". *Spargo* at 115 (internal citations omitted). Here, HDFC is not a party to the state action. Any outcome rendered in this action has no bearing on the state action. It is indisputable that the HDFC's interest is in the vindication of its property rights, as well as the rights of its shareholders.

Second, Defendants argue that the state court has a strong interest in adjudicating whether Oliver should have a guardian appointed. HDFC's interest is in the vindication of its property rights and the rights of its shareholders and seeks monetary damages to compensate HDFC for the ongoing and retroactive taking of its property. *See Stensrud v. Rochester Genesee Reg'l Transp. Auth.,* 507 F. Supp. 3d 444, 456 (W.D.N.Y. 2020). These interests are not intertwined, they do not overlap, and Defendants have failed to demonstrate how compensating HDFC for the taking would preclude or interfere with Defendants' interest. Defendants cannot demonstrate that this federal action has any meaningful impact on the state action, so the doctrine of *Younger* abstention does not apply.

Third, HDFC's federal constitution claims are not able to be addressed in the state action. The state action is an Article 81 of the Mental Hygiene Law (MHL) which is a limited and special proceeding, confined solely to the welfare of the alleged incapacitated person. Despite Defendant's weak argument that HDFC can raise its claim in the state action that is foiled by the facts (1) HDFC is not a party to the state action, (2) DOI, Commissioner of DOI, City, and Justice Aragona are not parties to the state action; (3) the HDFC's taking claim was withdrawn in the state action (NYSCEF Doc. No. 33); and (4) as a non-party to the state action, the state could not hear HDFC's taking claim or provide a remedy in the state action. As DSS pointed out in the state action, state law prohibits parties joining an Article 81 without leave of court (CPLR 401). In the state action, HDFC is only

available to receive notice, they do not receive copies of the pleadings because they are not a party and cannot receive any relief in the (MHL 81.07(g)).

In *Spargo* the Court held that *Younger* abstention applied because it was an exceptional case and the non-party federal plaintiffs' interest were derivative of rights of the defendants' interest in the state action. Here, those factors do not exist. This is not an exceptional case as set forth in *Sprint Communs., Inc. v. Jacobs* 571 U.S. 69, 72-73 (2013) and HDFC's interests are wholly separate from any party in the state action. HDFC's interest in preserving its property rights and receiving compensation for the taking.

This case falls in line with *Sprint*, wherein the Court declined to extend *Younger* abstention, observing that the case did not fall within the three exceptional categories where abstention is warranted, nor did the federal suit interfere with the state's ability to perform its judicial function (*id.* at 78-79). As discussed above, seeking monetary damages for Defendants' taking does not prevent or interfere with the state determining if Oliver is an incapacitated person. Moreover, Defendants cannot explain why HDFC should be forced to bear the burden of housing Oliver without compensation.

Courts have emphasized that *Younger* abstention applies sparingly to federal plaintiffs not involved in ongoing state actions. Defendants have not met the doctrine's requirements here, so their motion should be denied. *See New York State Corr. Off. & Police Benev. Assn., Inc at 134.*

## III.     Defendants have restrained HDFC from use and control over their property.

Defendants' reliance upon *Elmsford Apartment Assocs. LLC v. Cuomo*, 469 F. Supp. 3d 148 (S.D.N.Y. 2020), for the proposition that a temporary stay on evictions does not constitute a physical taking, is unavailing. The circumstances of that case are wholly distinguishable from the matter at bar.

In *Elmsford*, the court's analysis turned on the fact that the property owner, a traditional landlord, retained substantial indicia of control, such as the ability to rent property and to collect rents, and that the challenged executive orders had a clear expiration date. Neither condition is present here. First, any landlord-tenant relationship was terminated when a warrant of eviction was issued and Oliver's stock was sold; there is no landlord-tenant law being challenged here; and Defendants further sought a stay of eviction based on MHL. Second, and most dispositively, the restraint upon the HDFC's exclusive right to use and occupy the unit was reduced to zero in exchange for zero in compensation. Third, *Elmsford* relies on outdated Second Circuit precedent in *Southview Assoc., Ltd. v Bongartz*, 980 F2d 84 (2d Cir 1992), which is was abrogated by *Cedar Point Nursery v. Hassid* (594 US 139, 153, 141 S Ct 2063, 2074, 210 L Ed 2d 369 [2021]), that a taking even if temporary must be compensated. Here, the state is preventing the removal of Oliver and Oliver is judgement proof. Why should Plaintiff be stuck carrying the burden of housing Oliver?

As a diversion to the merits of this case, Defendants, relying on *Yee v. City of Escondido* (503 U.S. 519, 528-29 [1992]), *Cmty. Hous. Improvement Program v. City of N.Y.* (59 F.4th 540, 522 [2d Cir. 2023]), and *74 Pinehurst LLC v. New York* (59 F.4th 557, 562 [2d Cir. 2023]), argue that no taking has taken place because state court has broad power to regulate housing conditions and landlord-tenant relationships. These cases are inapposite to the facts in this action, and Defendants cannot point to a single case where a landlord was obligated to house a person for zero dollars in rent. The Court should further view the case at hand as one where the state should be paying rent while Oliver occupies the apartment; not one of the previous regulatory takings cases where the landlord sought the difference in the value of their building before and after the enactment of a regulation.

For the foregoing reasons, Plaintiff respectfully requests the Court deny Defendants' request to file a motion to dismiss.

Very truly yours,

_____
Gregory A. Byrnes